**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**MARY HARTLEY**                                                                                              **PLAINTIFF**

**VS.**                                                  **CIVIL ACTION NO.**  1:18-cv-26-HSO-JCG

**MUTUAL OF OMAHA INSURANCE COMPANY**                                        **DEFENDANT**

**NOTICE OF REMOVAL**

Defendant Mutual of Omaha Insurance Company ("Mutual"), by and through counsel, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, appearing specially so as to preserve any and all defenses available, without waiving and expressly reserving its right to compel arbitration, hereby serves its notice of the removal of this action from the First Judicial District of the Circuit Court of Harrison County, Mississippi to the United States District Court for the Southern District of Mississippi, Southern Division, and in support thereof would show unto the Court as follows:

**I.   VENUE AND BACKGROUND**

1.   Plaintiff commenced this action on January 3, 2018, by filing her Complaint in the First Judicial District of the Circuit Court of Harrison County, Mississippi, being Cause No. A2401-18-

2.   The United States District Court for the Southern District of Mississippi, Southern Division, is the Court and division embracing the place where the action is pending in state

1

court, and thus, venue is proper before this Court. 28 U.S.C. § 1446(a).

3. Pursuant to 28 U.S.C. § 1446(b), Defendant is removing this matter within thirty days from receipt of the initial pleading setting forth Plaintiff's claim for relief.

4. The lawsuit arises out of an alleged breach of Accidental Death Insurance Policy No. E42ADR52-872647-28M ("the Policy"). Plaintiff's Complaint alleges that Mutual improperly denied Plaintiff's claim for death benefits. Plaintiff asserts claims for breach of contract, tortious breach of contract, negligent misrepresentation, fraudulent misrepresentation, negligence, gross negligence, and bad faith.

5. Plaintiff seeks contractual, compensatory and extra-contractual, and punitive damages along with attorney fees, costs, expenses and interest.

6. None of the above statements reflecting the allegations of Plaintiff's Complaint should be construed as an acknowledgment or an admission of veracity. Mutual expressly avers that the allegations asserted in Plaintiff's Complaint are without merit.

## II.  DIVERSITY JURISDICTION

7. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides, in pertinent part, as follows:

> a. Except as otherwise expressly provided by Act of Congress, any civil action brought in a

        state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

8. The United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), which provides, in pertinent part, that:

    a. The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between: (1) citizens of different states; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a); see also *Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999).

9. For purposes of 28 U.S.C. §§ 1332, 1441, a corporation is deemed to be a citizen of the State in which it is incorporated and of the State of its principal place of business.  28 U.S.C. § 1332(c).

10. The burden of establishing federal jurisdiction rests with the removing party. *Allen v. R & H Oil & Gas Co.*, 63 F. 3d

1326, 1335 (5th Cir. 1995). In order to determine whether jurisdiction exists, a court will consider the claims in the state court pleadings as they existed at the time of removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F. 3d 720, 723 (5th Cir. 2002), *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F. 3d 880, 882 (5th Cir. 2000) (holding that "the jurisdictional facts that support removal must be judged at the time of removal").

### A. DIVERSITY OF CITIZENSHIP PURSUANT TO 28 U.S.C. § 1332(a)(1)

11. There is a complete diversity of citizenship between the Plaintiff and the Defendant.

12. The Complaint alleges that Plaintiff is an adult resident citizens of Harrison County, Mississippi.

13. The Complaint alleges that Mutual is "a Nebraska corporation whose principal place of business is in Omaha, Nebraska."

### B. AMOUNT IN CONTROVERSY

14. As stated in the Complaint, the contract benefit at issue that Plaintiff seeks is $100,000. In addition, Plaintiff seeks compensatory, extra-contractual damages, punitive damages and attorney fees. Accordingly, the amount in controversy exceeds $75,000.

15. Mutual's recognition that the amount in controversy exceeds the jurisdictional threshold should not be construed as an

4

admission of any liability. The amount in controversy analysis offered herein is based solely off of the allegations contained in the Complaint.

### III.  STATUTORY COMPLIANCE

16. This Notice of Removal is being filed, pursuant to 28 U.S.C. §1446, within thirty (30) days from the date process was initially served on Mutual. A copy of all process, pleadings and orders served on Mutual is attached hereto as Exhibit 1. A certified copy of the Circuit Court's file has also been requested and will be filed with this Court upon receipt.

17. Contemporaneously with the filing of this Notice of Removal, Mutual will file a copy of the same with the Clerk of the Circuit Court of Hinds County, Mississippi, in accordance with 28 U.S.C. §1446(d).

### IV.  CONCLUSION

**WHEREFORE, PREMISES CONSIDERED,** Defendant Mutual of Omaha Insurance Company respectfully requests that this Court assume jurisdiction of this action and proceed with the administration of this case as though it had originally been filed herein, and that further proceedings in the First Judicial District of the Circuit Court of Harrison County, Mississippi, be hereby stayed.

Dated: January 23, 2018.

        Respectfully submitted,

        **MUTUAL OF OMAHA INSURANCE COMPANY**


       By: *s/Kelly D. Simpkins*
         Kelly D. Simpkins (MSB #9028)
         Its Attorney


OF COUNSEL:

WELLS MARBLE & HURST, PLLC
300 Concourse Boulevard, Suite 200
Ridgeland, Mississippi 39157
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone:   601-605-6900
Facsimile:   601-605-6901
ksimpkins@wellsmarble.com

**CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing with the Clerk of Court using the ECF system, and, in addition, I have deposited the foregoing to be served by United States mail, postage prepaid, to the following:

David Krause, Esq.
Post Office Box 646
Ocean Springs, Mississippi 39566

    **ATTORNEY FOR PLAINTIFF**

Connie Ladner
Harrison County Circuit Clerk
1801 23d Avenue
Gulfport, Mississippi  39501

    **CLERK OF COURT FOR LAFAYETTE COUNTY CIRCUIT COURT**

So certified, this the 23rd day of January, 2018.

                                *s/Kelly D. Simpkins*
                                Kelly D. Simpkins

/262924